ROTHENBERG, J.
 

 Roberto Janero appeals the summary denial of his motion for postconviction relief. For the reasons that follow, we reverse and remand for correction of the judgments and sentences entered in case numbers F04-5333, F04-9021(A), F05-35116, and F06-14287(A), or for an eviden-tiary hearing.
 

 The record reflects that on October 19, 2009, Janero entered into a negotiated plea with the State wherein he admitted to violating his probation in case numbers F04-5333 and F04-9021(A). His probation was revoked and he was sentenced as follows:
 

 Case No. FOi-5333
 

 Count 1 (burglary unoccupied dwelling): 15 years.
 

 Count 2 (grand theft third degree): 5 years.
 

 Case No. F0U-9021(A)
 

 Count 1 (burglary occupied dwelling): 15 years.
 

 Count 2 (possession burglary tools): 5 years.
 

 Janero also pled guilty to the charges filed in case numbers F05-35116 and F06-14287(A) and he was sentenced as a habitual felony offender as follows:
 

 Case No. F05-35116
 

 Count 1 (burglary unoccupied dwelling): 15 years followed by 10 years probation.
 

 Count 2 (grand theft third degree): 10 years.
 

 Case No. F06-U287(A)
 

 Count 1 (second degree felony murder): 15 years followed by 10 years probation.
 

 Count 2 (armed home invasion robbery): 15 years followed by 10 years probation.
 

 Count 3 (possession of a firearm by a convicted felon): 15 years followed by 10 years probation.
 

 Janero filed the instant motion seeking postconviction relief on the basis of ineffective assistance of counsel. The trial court summarily denied the motion, finding that Janero freely and voluntarily entered his plea to the charges. The plea transcript clearly supports the trial court’s finding as to all but one ground raised by Janero. The sole issue requiring reversal, however,
 
 *358
 
 appears to be one of clerical error rather than ineffective assistance of counsel. Although the intent of the parties and the trial court appears to have been to run the sentences as to each count and each case concurrently, that intent is not reflected on the judgments and sentences. Thus, the Department of Corrections is treating the sentence imposed in case number FOG-14287 as consecutively ordered.
 

 We have reviewed the sentencing transcript and the Clerk’s minutes on each case. While the sentencing transcript clearly reflects that the sentences in each count and the sentences in case numbers F04-5333, F04-902KA), and F05-35116 were ordered to run concurrently, the trial court inadvertently failed to make a clear record as to whether the sentence in case number F06-14287 was to run concurrent or consecutive to the other three cases. The Clerk’s minutes, however, clearly reflect that the sentence in F06-14287(A) was to run concurrent to the sentence in case number F04-5333. The sentencing transcript appears to support the Clerk’s minutes that it was the intent of the parties and the trial court to run all of the sentences concurrently and that the defendant serve a single fifteen-year sentence (as a habitual offender in case numbers F05-35116 and F06-14287(A) and as straight time in the 2004 cases), followed by one ten-year habitual offender probation for the 2005 and 2006 cases.
 

 We therefore treat that portion of Jane-ro’s motion as a motion to correct the judgment and sentence in accordance with the plea, and reverse and remand for further proceedings. If the State, after review of its flies, agrees that the intent of the parties was to run all sentences concurrently, the trial court is directed to amend the judgments and sentences to clearly reflect that intent, and to send the corrected sentencing documents to Janero and the Department of Corrections. Jane-ro need not be present to make this correction. If there is a disagreement or uncertainty as to the intent of the parties, then an evidentiary hearing will be required to determine whether Janero entered into a free, voluntary, and knowing plea.
 

 Accordingly, we affirm the trial court’s order regarding all of the claims raised by Janero in his motion for postconviction relief except for the claim regarding whether the sentence in case number F06-14287(A) should reflect that it be served concurrent or consecutive to the other sentences imposed.
 

 Affirmed in part, reversed in part, remanded with directions.